IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELLY L. HARDING,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-83
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the Petition, Respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that Petitioner's Motion to Stay Proceedings (ECF No. 2) be **DENIED,** and that this action be **DISMISSED** without prejudice as unexhausted.

Respondent's Motion for Leave to File Instanter Response to the Motion for a Stay (ECF No. 7) is **GRANTED.**

### I. Facts and Procedural History

Petitioner challenges his convictions after a jury trial in the Madison County Court of Common Pleas on possession of marijuana and criminal tools. The Ohio Twelfth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} Craig Voight asked Harding to drive him to New York and Harding agreed.
>
> Harding met Voight at his house in a car Harding borrowed from his mother. After leaving the car parked overnight at Voight's house, the two men began the trip to New York and eventually drove on Interstate 70.

{¶ 3} Several canine units with the Ohio State Highway Patrol were patrolling the area along Interstate 70 where Harding was driving.
A trooper began to follow Harding, and observed Harding following a semi-truck too closely. The trooper initiated a traffic stop and identified Harding as the driver of the car and Voight as the passenger.

{¶ 4} During the traffic stop, troopers walked a canine around the car, and the canine indicated at the rear passenger door of the car. Troopers then discovered 123 pounds of marijuana in the vehicle. Harding was indicted for possession of marijuana and criminal tools, and pled not guilty. Harding filed a motion to suppress, claiming that the search of the car was unconstitutional. The trial court overruled Harding's motion, and the matter proceeded to a jury trial. The jury returned guilty verdicts on both counts, and the trial court sentenced Harding to an aggregate prison sentence of eight years. Harding now appeals his convictions and sentence, raising the following assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT DID ERR BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS.

\*\*\*

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT DID ERR WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

\*\*\*

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE TRIAL COURT DID ERR BY IMPOSING A PRISON SENTENCE ON A FIFTH–DEGREE FELONY WITHOUT MAKING ANY FINDINGS.\

\*\*\*

{¶ 37} Assignment of Error No. 4:

{¶ 38} DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

*State v. Harding*, 102 N.E. 3d 1, 4-9 (Ohio 2017). On December 11, 2017, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not file a timely appeal. On April 25, 2018, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Harding*, 152 Ohio St.3d 1440 (Ohio 2018).

{¶ 3} In December 2017, appellant filed a petition for postconviction relief ("PCR"), challenging his conviction and sentence and raising three grounds for relief. On March 5, 2018, the trial court summarily denied the PCR petition without a hearing on the basis of the doctrine of res judicata.

{¶ 4} Appellant now appeals, raising three assignments of error:

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN IT DENIED AND DISMISSED PETITIONER'S PROPERLY FILED PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE ALLEGING ISSUES OUTSIDE THE RECORD, WITHOUT ANY REAL REVIEW OR HOLDING A HEARING; BY INCORRECTLY RULING THAT THE ISSUE OF THE VIDEO PRESENTED WAS NOT THE ORIGINAL VIDEO AND THE ISSUE HAS BEEN PREVIOUSLY LITIGATED OR COULD HAVE BEEN; INCORPORATING THE STATE'S FLAWED ARGUMENT THAT SUCH MATTER IS BARRED BY DOCTRINE OF RES JUDICATA.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN IT DENIED AND DISMISSED PETITIONER'S PROPERLY FILED PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE ALLEGING ISSUES OUTSIDE THE RECORD, WITHOUT ANY REAL REVIEW OR HOLDING A HEARING; BY INCORRECTLY RULING THAT THE MULTIPLE INSTANCES OF PROSECUTORIAL MISCONDUCT, FULLY DISCOVERED AFTER TRIAL AND DIRECT APPEAL, ESPECIALLY WITHHOLDING OF DISCOVERY AND BRADY MATERIALS; AND ARE ISSUES THAT HAVE BEEN PREVIOUSLY LITIGATED OR COULD HAVE BEEN, AND SUCH MATTERS ARE BARRED BY DOCTRINE OF RES JUDICATA.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN IT DENIED AND DISMISSED PETITIONER'S PROPERLY FILED PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE

> ALLEGING ISSUES OUTSIDE THE RECORD, WITHOUT ANY REAL REVIEW OR HOLDING A HEARING; BY INCORRECTLY RULING THAT THE ADDITIONAL ISSUES OF CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, ESPECIALLY THE FAILURE TO DEPOSE, FILE AFFIDAVIT OR CALL A NEEDED WITNESS, CRAIG VOIGT, WHO WAS A PASSENGER IN THE CAR DURING QUESTIONABLE TRAFFIC STOP; FULLY DISCOVERED AFTER TRIAL AND DIRECT APPEAL, AND SUPPORTED BY NEW AFFIDAVITS; ARE ISSUES THAT HAVE BEEN PREVIOUSLY LITIGATED OR COULD HAVE BEEN AND BARRED BY RES JUDICATA.

*State v. Harding*, 12th Dist. No. CA2018-03-008, 2018 WL 6618207, at *1-2 (Ohio Ct. App. Dec. 17, 2018). On December 17, 2018, the appellate court dismissed the appeal for a lack of a final appealable order from the trial court, stating:

> "the proper disposal of [appellant's] petition for postconviction relief now requires [appellant] to file a motion with the trial court moving the court to make the requisite findings of fact and conclusions of law, and the trial court's issue of these facts and conclusions." *Blacker* at ¶ 18. "Only then can this court properly rule on the matters within [appellant's petition] for postconviction relief." *Id*.

*Id*. at *2. On December 28, 2018, Petitioner filed a Request for Facts and Findings and Conclusions of Law in the state trial court. (ECF No. 11, PAGEID # 527-28.) Apparently, that motion remains pending in the state trial court.

On January 9, 2019, Petitioner filed this *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the trial court improperly denied his motion to suppress evidence (claim one); that the evidence is constitutionally insufficient to sustain his convictions (claim two); that he was denied the effective assistance of trial counsel (claims three and four); that he was denied a fair trial based on prosecutorial misconduct (claim five); and that he was denied the effective assistance of appellate counsel (claim six).

## II. Motion for Stay

Petitioner requests a stay of proceedings pending the trial court's issuance of factual findings in regard to the denial of his state post-conviction petition, and resolution of state post-

4

conviction proceedings so as to exhaust state-court remedies as to his claims.[1] Respondent opposes Petitioner's request. (ECF No. 7-1.)

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state-court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Where the statute of limitations may bar petitioner from re-filing his habeas corpus petition after exhausting state remedies, this Court may stay habeas corpus proceedings if the Petitioner demonstrates "good cause" for failing to exhaust state remedies, his unexhausted claim is "potentially meritorious," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. at 277–78.

---

[1] Petitioner states that he has filed a second or successive post-conviction petition in the state trial court, and intended to pursue a motion alleging "lack of subject matter jurisdiction and fraud" in the state trial court. (*Motion to Stay Proceedings*, ECF No. 2.) However, the record indicates that the trial court dismissed Petitioner's second post-conviction petition at his request (ECF No. 11, PAGEID # 557), and it does not indicate that Petitioner has filed any other actions that currently remain pending in the state trial court, aside from his request for the appointment of counsel in post-conviction proceedings. (PAGEID # 530.)

Here, however, the record does not indicate that Petitioner will be barred from re-filing this action upon the exhaustion of state post-conviction proceedings. The one-year time period for filing under 28 U.S.C. § 2244(d) has yet to commence. Petitioner filed his state post-conviction petition on December 12, 2017 (ECF No. 11, PAGEID # 379), one day after the appellate court's December 11, 2017, dismissal of his appeal, and before his judgment of conviction became final under the provision of § 2244(d)(1)(A).[2] That action therefore has tolled, and continues to toll, the running of the statute of limitations under the provision of § 2244(d)(1)(d). *See Atkinson v. Warden, Chillicothe Correctional Inst.*, 2015 WL 3743016, at *3 (S.D. Ohio June 15, 2015) ("[A] post-conviction petition denied as barred under Ohio's doctrine of res judicata may toll the running of the statute of limitations.") (citing *Liles v. Jeffries*, No. 3:06–cv–1917, 2008 WL 4812212, at *3 (N.D. Ohio Oct. 30, 2008) (the denial of a motion on the basis of res judicata has no bearing on whether the document is properly filed) (citing *Lucas v. Carter*, 46 F.Supp.2d 709, 712 (N.D. Ohio March 23, 2009)).

Under these circumstances, Petitioner may timely re-file this habeas corpus Petition upon completion of state-court proceedings and exhaustion of his claims such that a stay of proceedings is not warranted. As this Court has recently explained:

> The "stay-and-abeyance" approach, which applies to "mixed" federal habeas petitions containing both exhausted and unexhausted claims for relief, was adopted by the Sixth Circuit to ensure that federal habeas review would not be precluded on statute of limitations grounds for the class of state prisoners "whose timely filed habeas petitions remain pending in district court past the [one-year] limitations period [set forth in 28 U.S.C. § 2244(d) ], only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan v. Walker*, 533 U.S. 167, 184 (2001) (Stevens, J., concurring). *See, e.g., Palmer v.*

---

[2] Petitioner did not file a timely appeal to the Ohio Supreme Court. Therefore, his judgment of conviction became final under the provision of § 2244(d)(1)(A) in January 2018, forty-five days after the appellate court's December 11, 2017, dismissal of his appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005);

6

> *Carlton,* 276 F.3d 777 (6th Cir.2002). The discretion to issue stays in habeas cases is circumscribed. *See Rhines v. Weber*, 544 U.S. 269, 276–77 (2005). In cases such as this, where the statute of limitations has not even commenced running, the interest that the "stay-and-abeyance" approach was designed to protect is not implicated. Cf. *Mingo v. Michigan,* No. 1:06cv24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (holding a stay was not warranted in case where the petitioner had more than a year remaining in the limitations period to refile the petition after exhausting state remedies).

*Mattice v. Hamilton County Court of Common Pleas*, No. 1:15-cv-768, 2016 WL 908468, at *2 n. 1 (S.D. Ohio Feb. 11, 2016) (citing *Pruitt v. Ohio*, No. 1:10-cv-313, 2010 WL 2607246, at *3 & n.2 (S.D. Ohio May 19, 2010)).

### III.  Recommended Disposition

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's Motion to Stay Proceedings (ECF No. 2) be **DENIED** and that this action be **DISMISSED** without prejudice as unexhausted.

Respondent's Motion for Leave to File instanter Response (ECF No. 7) is **GRANTED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report

and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    **IT IS SO ORDERED**.

                                            /s/ *Chelsey M. Vascura*_____
                                            CHELSEY M. VASCURA
                                            UNITED STATES MAGISTRATE JUDGE